UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| NICHOLAS JACKSON, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:16-CV-350-TWP |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **MEMORANDUM OPINION**

Federal inmate Nicholas Jackson has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, to which the United States responded. Before the Court is the United States' motion to deny the § 2255 motion and dismiss it with prejudice, and Jackson's subsequent motion seeking a voluntary dismissal of his pending § 2255 motion. Having considered the pleadings and the record, along with the relevant law, the Court finds that it is unnecessary to hold an evidentiary hearing[1] in this matter. The United States' motion to deny the petition and dismiss this action with prejudice will be granted, and Jackson's motion for voluntary dismissal will be denied.

**I.      BACKGROUND FACTS AND PROCEDURAL HISTORY**

Jackson was sentenced on November 3, 2010, to serve an aggregate term of 140 months of incarceration pursuant to a guilty plea to one count of aiding and abetting the theft of firearms in

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

violation of 18 U.S.C. § 922(u), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) [Doc. 42 in No. 3:10-CR-1]. Jackson's applicable base offense level was calculated to be 24 pursuant to United States Sentencing Guideline ("Guideline(s)") § 2K2.1(a)(2), based upon two predicate convictions for aggravated burglary and attempt to possess drugs with intent to sell [*See, e.g.*, Doc. 45 p. 1 in 3:10-CR-1]. At the time of sentencing, Jackson's Guideline range was 140 to 175 months' incarceration, with a total offense level of 29 and a criminal history category of V [*See, e.g.*, Doc. 36 in 3:10-CR-1].

Jackson did not appeal. In June 2016, Jackson filed the instant § 2255 motion, arguing that after the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), he no longer had two qualifying predicate offenses to enhance his base offense level under Guideline § 2K2.1 [Doc. 1]. The United States submitted a response to the motion, to which Jackson replied [Docs. 3, 4]. Thereafter, in March 2017, the United States filed a motion to deny Jackson's motion and dismiss this action with prejudice [Doc. 5]. Jackson filed a response in opposition to the United States' motion to dismiss this action with prejudice, requesting that he be allowed to voluntarily dismiss the action without prejudice [Doc. 6]. Thereafter, the United States filed a response to Jackson's motion [Doc. 7].

## II. LEGAL STANDARD

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A court may grant relief under 28 U.S.C. § 2255, but the statute "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, collateral attack limits a movant's allegations to those of constitutional or jurisdictional magnitude, or those containing factual or legal errors "so fundamental as to render the entire

proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation omitted); *see also* 28 U.S.C. § 2255(a).

### III. DISCUSSION

#### A. Jackson's § 2255 motion

Jackson's § 2255 motion contests his Guidelines range in light of *Johnson v. United States*, 135 S. Ct. 2251 (2015). In *Johnson*, the Supreme Court held the residual clause of the Armed Career Criminal Act ("ACCA"), which defined a violent felony to include any conviction that "otherwise involved conduct that presents a serious potential risk of physical injury to another," to be unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563; 18 U.S.C. § 924(e)(2)(B)(ii). Jackson contended that *Johnson*'s holding applies equally to the residual clause of the crime of violence definition located in Guideline § 4B1.2(a)(2), which was used in his sentencing. However, in *Beckles v. United States*, 137 S. Ct. 886 (2017), the Supreme Court held that the advisory sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause. *Beckles*, 137 S. Ct. at 895. Therefore, *Beckles* forecloses Jackson's *Johnson* claim, and his § 2255 is without merit. The only remaining question is whether dismissal of the instant motion should be with prejudice or without.

#### B. Dismissal

After the opposing party has served an answer or a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(1)(A)(i); Fed. R. Civ. P. 41(a)(2). Unless otherwise stated in the order, such dismissal is without prejudice. Fed. R. Civ. P. 41(a)(2). Because the United States responded in opposition to Jackson's § 2255 motion on its merits, whether to grant Jackson's motion for voluntary dismissal lies within the discretion of this Court. *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994). The Court abuses its discretion in granting a

3

voluntary dismissal only where the non-movant "would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id*. (citation omitted). Whether a non-movant will suffer "plain legal prejudice" involves consideration of the following: "the [non-movant's] effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id*. (citation omitted).

In support of voluntary dismissal, Jackson asserts: (1) that at the time he filed his § 2255 motion, he raised a legitimate legal challenge that was only later rendered non-meritorious; (2) that the United States expended minimal effort in responding to Jackson's motion, as it had filed the same form response in this case as it did in numerous other *Johnson* cases; (3) that the United States will suffer "little to no legal prejudice" from a voluntary dismissal, as it would retain all of its defenses upon any future § 2255 motion that Jackson might file; (4) that a dismissal with prejudice will result in the excessive and unnecessary waste of resources in litigating the appeal that would follow the denial of his request for voluntary dismissal; and (5) that there was no significant or excessive delay in Jackson's request for voluntary dismissal [Doc. 6].

Conversely, the United States argues: (1) that the law has never fully supported Jackson's claim, such that he never met his burden of establishing his eligibility for § 2255 relief; (2) that the United States had to individually evaluate each *Johnson* case and address it on its discrete facts, expending limited, taxpayer-funded resources to research and brief Jackson's claims; and (3) that Jackson chose to litigate his claim and should have it decided on its merits, rather than be allowed to withdraw his claim only after the Supreme Court has resolved the legal dispute [Doc. 7].

After fully considering the parties' arguments, the Court finds that dismissal without prejudice would not be appropriate under the circumstances here presented.

First, the United States had to conduct an individualized evaluation of Jackson's case on its particular facts. It researched and briefed legal arguments in opposition to Jackson's motion, including issues of waiver and constitutional vagueness. The fact that it used similar analyses in other *Johnson*-based motions does not detract from the fact that a significant amount of the United States' time and resources were dedicated to responding to Jackson's § 2255 motion.

Additionally, a voluntary dismissal would also result in prejudice to the United States, as it would allow Jackson to circumvent the otherwise applicable prohibition against filing a second or successive petition absent circuit approval. *See* 28 U.S.C. § 2255(h). That is, voluntary dismissal under these circumstances could encourage Jackson to file additional § 2255 challenges, secure a response and weigh the odds of a favorable ruling based on that response, and then move to dismiss the action without prejudice if he believes he is unlikely to prevail.

Relatedly, while Jackson did file his motion for voluntary dismissal shortly after *Beckles* was decided, he did so only after the United States had filed its motion for dismissal with prejudice based on *Beckles*' foreclosure of Jackson's claim. Therefore, the Court finds dismissal without prejudice inappropriate in this case. *See United States v. Hamilton*, No. 3:09-CR-19, 2012 WL 5292880, at *2 (N.D. Ohio Oct. 25, 2012) (finding withdrawal of a claim not appropriate where petitioner only seeks to do so "in the face of what he perceives to be near certain defeat"); *see also Grover*, 33 F.3d at 719 ("At the point when the law clearly dictates a result for the [responding party], it is unfair to . . . dismiss[] the case without prejudice.").

Accordingly, the United States' motion will be granted, and Jackson's motion for voluntary dismissal will be denied.

## IV.    CERTIFICATE OF APPEALABILITY

When considering a § 2255 motion, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing

Section 2255 Proceedings for the United States District Courts. Jackson must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

V. **CONCLUSION**

For the reasons stated herein, Jackson has failed to establish any basis upon which § 2255 relief could be granted. Respondent's motion to deny his motion and dismiss this action with prejudice [Doc. 5] will be **GRANTED**, and this action will be **DISMISSED WITH PREJUDICE**. A COA from the denial of his § 2255 motion will be **DENIED**. Jackson's motion for voluntary dismissal [Doc. 6] will be **DENIED**.

**An appropriate Order will enter.**

    s/ Thomas W. Phillips
SENIOR UNITED STATES DISTRICT JUDGE